## Millcreek Township Sewer Authority, Appellant *v*. Esther Anderson et al., Appellees.

Argued November 3, 1978, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*William C. Sennett,* with him *Paul F. Curry,* and *Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for appellant.

*Norman H. Stark,* with him *MacDonald, Illig, Jones & Britton,* for appellees.

OPINION BY JUDGE BLATT, January 22, 1979:

The Millcreek Township Sewer Authority (Authority) appeals here from an order of the Court of Common Pleas of Erie County which held that Section 610 of the Eminent Domain Code (Code) authorizes reasonable attorneys' and engineers' fees not to exceed $500.00 even when such are incurred in an unsuccessful challenge to a declaration of taking.

The Authority filed a declaration of taking under the Code in 1975 in order to provide a right-of-way for a sewer system. Esther Anderson and fifteen other owners of the land which was condemned (appellees) filed preliminary objections which were dismissed by the court below, and they were equally unsuccessful in their appeal here. *Riehl v. Millcreek Township Sewer Authority*, 26 Pa. Commonwealth Ct. 70, 362 A.2d 478 (1976). They then submitted a request for reimbursement in the amount of $500.00 each for the attorney and engineering fees which they had incurred. The Authority filed a petition for a Declaratory Judgment requesting the court below to determine whether or not Section 610 of the Code authorizes reimbursement under these circumstances and, the court held that such reimbursements were authorized, and this appeal followed.[1]

Section 610 of the Code provides as follows:

The owner of any right, title, or interest in real property acquired or injured by an acquiring agency, who is not eligible for reimbursement of such fees under sections 406(e), 408 or 609 of this act, shall be reimbursed in an amount not to exceed five hundred dollars ($500) as a payment toward reasonable expenses actually incurred for appraisal, attorney and engineering fees.

26 P.S. §1-610.

This special provision for reimbursement of expenses was probably enacted to assist owners of property acquired or injured under the Code in making an informed judgment regarding the reasonableness and propriety of a condemnor's compensation offer. *See*

---

[1] Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-610.

Snitzer, Pennsylvania Eminent Domain (1st ed. 1968); *Comment,* Eminent Domain: Attorney Fees In Condemnation—A Defense of the Pennsylvania Position, 77 Dick. L. Rev. 316, 328 (1973). We see no reason, however, why it would not also apply in the case of owners who have filed preliminary objections to a declaration of taking when such preliminary objections are ultimately dismissed. Such owners, as were the appellees here, are not eligible for recovery of expenses under Section 406(e), 408 and 609 referred to in Section 610,[2] and so they must be eligible for reimbursement under this section of the Code.

The Authority argues that even if Section 610 does provide for reimbursement in this case, reimbursement must be limited to a total of $500.00 even in a multiple-party challenge such as this. We believe, however, that the Code clearly speaks in terms of reimbursement to *each owner.* The record reveals here that the total expenses of all of the owners concerned was $8,804. 61. The award of $500.00 to each condemnee will total $8,000.00. We do not believe, therefore, that this award subverts the legislative intent or will damage the public interest.

The order of the lower court is therefore affirmed.

ORDER

AND Now, this 22nd day of January, 1979, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby affirmed.

----

[2] Section 406(e) authorizes recovery of fees in cases where preliminary objections are sustained; Section 408 provides the recovery for reasonable expenses in cases where the condemnation proceedings are revoked; and Section 609 provides the recovery of reasonable expenses in cases where a condemnee institutes a case by filing a petition for the appointment of viewers where no declaration of taking has been filed. 26 P.S. §§1-406(e), -408, -609.