Redevelopment Authority of the City of Philadelphia, Appellant *v.* General Mills, Inc., Appellee.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Francis J. Morgan*, with him *Peter A. Galante*, for appellant.

*Ragan A. Henry*, with him *Joseph S. Finkelstein*, and *Wolf, Block, Schorr and Solis-Cohen*, for appellee.

OPINION BY JUDGE BLATT, July 24, 1979:

The Redevelopment Authority of the City of Philadelphia (Authority) appeals here from an order of

the Court of Common Pleas of Philadelphia County which granted General Mills, Inc. (General Mills) a new trial.

The Authority used its power of eminent domain to condemn the General Mills property in September of 1970. The property was used for the manufacturing, packing and distribution of meat specialty products and it included the land on which the processing plant was located as well as other realty adjacent to the plant which housed operations forming an integral part of the business. After a hearing at which testimony was taken, the Board of View awarded General Mills $655,284. The Authority appealed and after a trial de novo the jury awarded General Mills $528,609. General Mills then filed a motion for a new trial. The court below found that the Authority's expert had failed to include 103 items of machinery and equipment in his appraisal and therefore concluded that the jury did not properly have before it all of the necessary evidence from which to make a determination. It ordered a new trial unless the Authority would agree to an additur of $126,675 (a sum which when added to the jury verdict would equal the amount awarded by the Board of View), but the Authority refused to pay the additional sum and took its appeal here.

A motion for a new trial is addressed to the discretion of the trial court, based on the circumstances of the particular case. And a court's action in granting or refusing such a motion will not be reversed by this Court in the absence of manifest abuse of discretion or a clear error of law. *Department of Transportation v. McGuire*, 41 Pa. Commonwealth Ct. 14, 399 A.2d 134 (1979).

At the trial here concerned, General Mills presented valuation testimony based on the assumption that the Assembled Economic Unit Doctrine and the Unity

of Use Doctrine were applicable to the case. Alternatively, it presented valuation testimony in the event that the jury found the Assembled Economic Unit Doctrine was inapplicable. The total value testified to by General Mills' experts was $1,111,163 if the Assembled Economic Unit Doctrine applied and $908,-848.38 if it did not. The Authority consistently took the position that neither doctrine applied to the facts of the case and its experts arrived at a total value of $450,925. The judge, in submitting the charge to the jury, presented the different valuation approaches of both the Authority and General Mills.

It is uncontroverted that the Authority's expert omitted approximately 103 items from his appraisal report and it was on this basis that the new trial was granted. The Authority contends that it was within its rights to omit these items consistent with its legal theory of the case, noting that all were classified by the Authority as either personalty (not machinery or equipment), part of realty or other equipment, located at a non-condemned machine shop, leased by General Mills or not seen by the appraisers. The fact that these items were omitted was clearly brought out at the trial, and the jury heard General Mills' valuation which clearly included these items. The trial court then correctly instructed the jury that they were to decide which valuation approach was correct and what weight should be given the testimony of the various experts.

In light of the fact that the jury *knew* that certain items had been omitted in the Authority's appraisal report and had before it a figure presented by General Mills which included the value of these items, we believe that the trial judge substituted his judgment for the jury's in determining that the jury did not have before it all the proper evidence. This, of course, is improper. *See Tinicum Real Estate Holding Corp.*

*v. Department of Transportation,* 480 Pa. 220, 389 A. 2d 1034 (1978). When the jury's verdict is supported by the evidence, as we believe it was here, it is not to be overturned. *Poulos v. Commonwealth,* 438 Pa. 442, 266 A.2d 100 (1970).

Having carefully reviewed the evidence in the record, *Austin v. Ridge,* 435 Pa. 1, 255 A.2d 123 (1969), we believe that the trial court abused its discretion in granting a new trial for the reasons given.

We will therefore order that the order of the court below granting General Mills a new trial must be reversed, and that the case will be remanded for a reinstatement of the jury verdict.

### Order

And Now, this 24th day of July, 1979, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed and the case is remanded to that court to reinstate the jury verdict and enter judgment thereon.