56 Pa. Commonwealth Ct. 523 (1981)
In Re: Condemnation by the Urban Redevelopment Authority of the City of Pittsburgh: etc. Morris Benkovitz
v.
Urban Redevelopment Authority of the City of Pittsburgh. Morris Benkovitz, Appellant.
No. 1888 C.D. 1978.
Commonwealth Court of Pennsylvania.
Argued November 21, 1980.
February 9, 1981.
*524 Argued November 21, 1980, before Judges WILKINSON, JR., BLATT and MacPHAIL, sitting as a panel of three.
Benjamin B. Mecholler, with him Leonard D. Silk, Gefsky, Reich and Reich, for appellant.
Marion E. Popiel, for appellee.
OPINION BY JUDGE MacPHAIL, February 9, 1981:
This is an appeal from an order of the Court of Common Pleas of Allegheny County which denied *525 Morris Benkovitz' (Appellant) motion for a new trial.[1] We affirm.
Appellant owned property located at 1808, 1810 and 1812 Centre Avenue, in the Third Ward of the City of Pittsburgh, which was used in the operation of a wholesale and retail seafood business. The lower court found that a de facto taking had occurred on May 1, 1972 as a result of activities of the Urban Redevelopment Authority of the City of Pittsburgh (Appellee) in connection with a neighborhood development plan. The de facto taking included three buildings on the subject property.
A Board of Viewers was appointed and awarded damages in the amount of $125,000. Both parties appealed. The case was tried before a jury which rendered a verdict, on May 9, 1978, of $105,000.
Our scope of review is limited in cases of this nature to a determination of whether the trial court abused its discretion or committed a clear error of law in denying the motion for a new trial. Graff Brothers Scrap Iron and Metal Works Appeal, 44 Pa. Commonwealth Ct. 429, 404 A.2d 722 (1979).
Appellant argues that a new trial should have been granted by the court below because the verdict is inadequate, against the weight of the evidence and contrary to the charge of the court to the jury.
A denial of a motion for a new trial will not be disturbed on appeal on the ground of inadequacy of the verdict unless the verdict is so inadequate as to shock the appellate court's sense of justice. Abrams, Inc. v. Redevelopment Authority of the City of Philadelphia, 37 Pa. Commonwealth Ct. 343, 391 A.2d 1 (1978).
*526 Appellant argues that in the instant case the verdict was indeed so low as to shock one's sense of justice. The record discloses that the jury was presented with evidence of two valuations reached by real estate experts in the amount of $162,000 and $173,388.[2] Both experts were witnesses for the Appellant and both calculated their valuations using the Assembled Economic Unit Doctrine. Their valuations, therefore, included all machinery, equipment and fixtures, whether fixed or movable, which were located on the property as of May 1, 1972, the date of condemnation. The value of that machinery, equipment and fixtures was estimated by the experts to be $52,388. Appellant argues strenuously that the gap between even the lowest appraised value of $162,000 and the jury's verdict of $105,000 is so great as to be shocking. Of course, in Pennsylvania our law is that the verdict of a jury in a condemnation proceeding may be below the lowest estimate of market value. Glider v. Department of Highways, 435 Pa. 140, 255 A.2d 542 (1969). Appellant also points to the award of the Board of Viewers, which although not binding upon the court in a review of the jury's verdict, may be considered by the court in determining whether that verdict is adequate. Tinicum Real Estate Holding Corp. v. Department of Transportation, 480 Pa. 220, 389 A.2d 1034 (1978). In the instant case, the viewer's award was $125,000. Again, Appellant argues that the discrepancy between the jury's verdict and the award of the Board of Viewers is substantial.
While Appellant's arguments are persuasive when one looks solely at the figures, we believe there are two factors in the instant case which must be weighed carefully by us before this Court determines that the *527 trial court abused its discretion when it refused Appellant's motion for a new trial. First is the application of the Assembled Economic Unit Doctrine to the facts of this case. The trial court correctly instructed the jury that it was to determine whether that Doctrine did apply. Redevelopment Authority of the City of Philadelphia v. General Mills, Inc., 44 Pa. Commonwealth Ct. 391, 404 A.2d 710 (1979). While the jury is obliged to consider the testimony with respect to the application of that Doctrine, it is certainly not bound to accept it. Appellant contends that the testimony of his witnesses proves conclusively that the machinery and equipment was so integrated into the buildings that it could not be moved without an expenditure of funds which far exceeded its value. Nevertheless, it was for the jury to determine the credibility of that testimony and the weight to be attached to it. They could believe all, part or none of it. Billings v. Upper Merion Township Authority, 44 Pa. Commonwealth Ct. 622, 405 A.2d 967 (1979). It is clear, then, that if the jury did reject the Doctrine of Assembled Economic Unit it had the right to do so and if, in fact, that is what the jury did, then the comparison of figures used by Appellant to persuade us of the injustice in this case takes on a much different light.
Another crucial factor in this case was the jury view, a factor which must be given considerable weight by a reviewing court. Arndt v. Central Cambria School District, 7 Pa. Commonwealth Ct. 150, 298 A.2d 682 (1972). Indeed, where the jurors have had the benefit of a view, they "could have ignored the experts' testimony, if they believed them not to be credible, and could have based their verdict upon their own judgment. . . ." Wolfe v. Redevelopment Authority of the City of Johnstown, 1 Pa. Commonwealth Ct. 172, 177, 273 A.2d 923, 926 (1971). The time lapses in *528 this case were certainly not helpful to Appellant's case. The subject property was one that the Urban Redevelopment Authority of the City of Pittsburgh did not condemn in a neighborhood development plan. According to Appellant, virtually every other building on the street where the subject property was located was condemned and subsequently demolished. Appellant vacated his property in 1974. It wasn't until 1978 that the jury viewed the premises. At the time of the view, it is apparent that the building was in a virtual state of collapse. Such machinery and equipment as was visible to the jurors was obviously in need of repair or replacement. Appellant argues that the jury view under these circumstances was inadequate. That may well be, but Section 703(1) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, as amended, 26 P.S. § 1-703(1), provides in pertinent part that, "Either party may, as a matter of right, have the jury . . . view the property involved, notwithstanding that structures have been demolished or the site altered, and the view shall be evidentiary." (Emphasis added.) It was Appellant's burden to prove to the jury the value of the property immediately before and immediately after May 1, 1972, that being the date a de facto taking occurred. The adverse condition of the property on the date of the view as opposed to its alleged condition six years earlier was a fact for the jury to consider, but in our review of the jury verdict, we cannot assume the jury's function and assign a much higher value to Appellant's property prior to the de facto taking. We also note that in the instant case the judge accompanied the jury on the view, pursuant to Section 703(1) of the Code, 26 P.S. § 1-703(1), and could therefore consider his own observations in determining the adequacy of the jury verdict. Commonwealth v. 108.3 Acres of Land, 431 Pa. 341, 246 A.2d 124 (1968).
*529 We conclude based on the facts and legal principles cited above as well as a thorough review of the record that the jury verdict is not so inadequate as to shock one's sense of justice.
For the same reasons, we also conclude that the verdict is not against the clear weight of the evidence. As we have said, while a jury in a condemnation case may not disregard evidence on valuation, it is the jury's duty to determine the weight and credibility of evidence dependent on oral testimony. Morrissey v. Department of Highways, 424 Pa. 87, 225 A.2d 895 (1967). We are satisfied that the jury verdict is supported by the evidence and the weight thereof.
Finally, Appellant argues that the verdict is contrary to the charge of the court on the issue of the Assembled Economic Unit Doctrine. We disagree. The court correctly instructed the jury and the fact that the jury may have decided that the Doctrine was inapplicable does not constitute a ground for a new trial.
Having found no abuse of discretion by the trial court and no errors of law, we affirm that court's order denying appellant's motion for a new trial.
Appellant has also included in this appeal the order of Judge (now Justice) Larsen dated March 9, 1977 dismissing Appellant's petition for a rule to show cause why the Urban Redevelopment Authority of Pittsburgh should not pay minimum attorney's fees to Appellant's counsel under Section 609 of the Code, 26 P.S. § 1-609. The record discloses that exceptions were filed to the order of March 9, 1977 and that no disposition of those exceptions was made by the trial court. It is apparent, therefore, that the order appealed from is interlocutory and not reviewable by this Court at this time.

ORDER
AND NOW, this 9th day of February, 1981, the order of the Court of Common Pleas of Allegheny *530 County, dated July 12, 1978, denying the motion for a new trial by Morris Benkovitz, is affirmed. The appeal by Morris Benkovitz from the order of the Court of Common Pleas of Allegheny County, dated March 9, 1977, is dismissed.
NOTES
[1] At the time argument was heard, no judgment had been entered on the verdict. Pursuant to a preliminary order of this Court, that defect has been remedied by the filing of a supplemental record.
[2] The testimony of Appellee's expert that the value of the real estate, machinery and equipment was $67,943 was stricken by the court during trial.