Banks Brothers, Inc., Appellant v. Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued April 4, 1984, before Judges ROGERS, CRAIG and BARRY, sitting as a panel of three.

*Herman Blumenthal,* for appellant.

*Thomas J. Hines,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, June 4, 1984:

Banks Brothers, Inc. appeals an order of the Court of Common Pleas of Philadelphia County, which denied its motions for judgment notwithstanding the verdict and new trial following the grant of defendant Pennsylvania Department of Transportation's motion for directed verdict in an action under the Eminent Domain Code.[1]

We must determine whether the company has a right, under the Code, to personal property loss dam-

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101—1-903.

ages in addition to those already paid by DOT for relocation expenses, and if so, whether the company waived that right by signing a general release of all claims.

In 1973, Banks Brothers was operating a machine manufacturing shop in a building it rented from Dieffenbach and Company at 816-818 New Market Street in Philadelphia. In connection with the ongoing construction of Interstate 95, DOT excavated New Market Street in January, 1973, blocking the entrance to the shop and closing off access to New Market Street altogether. DOT has stipulated that Banks Brothers is a "displaced person" entitled to damages under the Eminent Domain Code but disputes the type and extent of those damages.

Within two or three months after the start of the excavation, Banks Brothers had sold all of the machinery located within its rented premises. Mr. Banks, the president of the corporation, has no receipts for those sales, nor could he say how much of the machinery he sold intact and how much for scrap. However, he estimated the total amount received at $20,000. Banks Brothers filed a claim with DOT seeking to recover the difference between that amount and the value of the machinery in place at the time of taking. DOT's contractors estimated the cost to move Banks Brothers' equipment and reinstall it in another location at $20,775, and in July, 1974, DOT and Banks Brothers executed an agreement to reimburse the company to that extent.

In September, 1974, Mr. Banks went to the Philadelphia office of DOT and received a check in the agreed amount after he and his brother, the secretary-treasurer of the corporation, signed a general release at DOT's request. The Banks brothers claimed they did not know they were signing a general release, but thought the check was reimbursement for moving ex-

penses only. They filed a claim with the Philadelphia Board of View for the value of the machinery, but the board made a finding of no damages. The company appealed to the Philadelphia County Common Pleas Court which granted DOT's motion for directed verdict and denied the Banks Brothers' motions for judgment notwithstanding the verdict and new trial. This appeal followed.

Section 601-A[2] of the Code provides in part:

(a) Any displaced person shall be reimbursed for reasonable expenses incurred in moving himself . . . and for the removal, transportation, and reinstallation of personal property.

. . . .

(b) Any displaced person who is displaced from his place of business . . . shall be entitled, in addition to any payment received under subsection (a) of this section, to damages for dislocation of such business . . . as follows:

(1) Actual direct losses with reference to personal property, but not to exceed the greater of (i) the reasonable expenses which would have been required to relocate such personal property, or (ii) the value in place of such personal property as cannot be moved without substantially destroying or diminishing its value, whether because of the unavailability of a comparable site for relocation or otherwise, or without substantially destroying or diminishing its utility in the relocated business or farm operation.

In support of its claim, Banks Brothers presented a list of the machinery located on the premises at the time of the taking in 1973, with an estimated value in

---

[2] 26 P.S. §1-601A.

place at that time of $102,236. However, the company presented no evidence to establish that the machinery could not "be moved without substantially destroying or diminishing its value." Thus, the company did not produce sufficient evidence to qualify for recovery of machinery value under section 601-A(b)(1)(ii), as distinguished from recovery of relocation cost under section 601-A(b)(1)(i). Although the displaced person is entitled to recover the greater of those two alternatives, section 601-A(b), Banks Brothers is here limited to the only element of damage[3] proved by competent evidence—relocation damages in the amount of $20,775, already received.[4]

Our resolution of the damages issue renders the question of the validity of the general release inconsequential. We therefore conclude that the court of common pleas did not abuse its discretion nor commit an error of law[5] in directing the verdict in favor of DOT and denying the Banks Brothers' motions for judgment n.o.v. and new trial.

Accordingly, we affirm.

## ORDER

Now, June 4, 1984, the order of the Court of Common Pleas of Philadelphia County, Civil Division, at No. 4487 May Term, 1978, dated July 27, 1982, is affirmed.

---

[3] No provision in the Eminent Domain Code allows a separate recovery for the claimed loss of time and effort invested in developing machines which the company had to scrap because of the displacement. Further, plaintiff's claims of property loss resulting from tortious conduct on the premises are not recoverable in an Eminent Domain proceeding, but rather in a trespass action. *City of Pittsburgh v. Gold*, 37 Pa. Commonwealth Ct. 438, 390 A.2d 1373 (1978).

[4] The alternative measure of damages set forth in §601-A(b)(2), which has a $10,000 ceiling, is therefore clearly inapplicable.

[5] *Benkovitz v. Urban Redevelopment Authority of City of Pittsburgh*, 56 Pa. Commonwealth Ct. 523, 425 A.2d 1178 (1981).