572 A.2d 242

**In re CONDEMNATION OF 30.60 ACRES OF LAND Owned by Josie E. Buckwalter and Nancy Buckwalter, his wife, Located in Manheim Township, Lancaster Co., Pa., by Manheim Township School District and Township of Manheim for the Purpose of Constructing an Elementary School and Park.  (Two Cases)**

**Appeal of Josie E. BUCKWALTER and Nancy Buckwalter.**

**Appeal of Josie E. BUCKWALTER and Nancy Buckwalter, Condemnees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1989.

Decided March 2, 1990.

Reargument Denied May 1, 1990.

Peter M. Schannauer, Appel, Yost & Sorrentino, Lancaster, for appellants.

Robert M. Frankhouser, Jr., with him, George T. Brubaker, Hartman, Underhill & Brubaker, Lancaster, for appellees, Manheim Township and Manheim Tp. School Dist.

Before COLINS, PALLADINO and SMITH, JJ.

PALLADINO, Judge.

Josie E. Buckwalter and Nancy Buckwalter (Buckwalters) appeal from two orders of the Court of Common Pleas of Lancaster County (trial court); the first order dismissed Buckwalters preliminary objections to a joint declaration of taking filed by Manheim Township and Manheim Township School District (Condemnors); and the second order granted Condemnors a writ of possession.

Manheim Township School District (District) determined that it needed an additional elementary school. At the same time, Manheim Township (Township), a first class township, determined that it needed additional park and recreational facilities. Township and District entered into an agreement whereby each would exercise their respective powers of eminent domain to condemn a 30.60 acre tract of Buckwalters' land. District would own an undivided 60% interest in the whole property, and Township would own an undivided 40% interest. The property would be developed into an elementary school/public park and recreational complex. Township and District adopted an ordinance and resolution respectively condemning 30.60 acres of Buckwalters' land.

District and Township jointly filed a single declaration of taking to condemn the 30.60 acre tract of Buckwalters' land. Buckwalters filed preliminary objections in the trial court which were dismissed. Buckwalters appealed to this court.

After the preliminary objections were dismissed by the trial court, Condemnors filed a praecipe for a writ of possession with the trial court. A rule returnable in five days was issued by the Prothonotary of Lancaster County and served on Buckwalters to which they filed an answer. The trial court denied the request for a writ of possession. However, on a motion for reconsideration, the trial court vacated its prior order and granted possession of the land to Condemnors. Buckwalters appealed. The appeal from the denial of preliminary objections and the appeal from the issuance of the writ of possession are now before us for disposition.[1]

Buckwalters contend that the trial court erred by not sustaining their preliminary objections because: (1) the proposed condemnation violates The First Class Township Code[2] and the Public School Code of 1949,[3] and (2) the agreement between District and Township is invalid because it does not contain required terms. Buckwalters also contend that the trial court erred in granting Condemnors possession of Buckwalters' land because preliminary objections warranting delay were still pending.[4]

District has the authority to condemn land for proper school purposes under Section 703 of the Public School

1. These two cases were argued seriatum. We will address the issues raised in both appeals in this opinion.
2. Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §§ 55101 to 58502.
3. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101 to 27–2702 (Public School Code).
4. Our scope of review in an eminent domain case is limited to whether the trial court abused its discretion, an error of law was committed, or the findings of fact are supported by substantial evidence. *The Matter of Condemnation of Real Property of Naaman E. King by the Octorara School District*, 124 Pa.Commonwealth Ct. 472, 556 A.2d 527 (1989).

Code, 24 P.S. § 7–703. However, the Public School Code does not authorize a school district to condemn land for a park. Conversely, although a first class township is authorized to condemn land to establish "parks, playgrounds, and recreational places" pursuant to Section 1901 of The First Class Township Code, 53 P.S. § 56901, it is not authorized to condemn land for a school. Therefore, the threshold issue in this case is whether a first class township and a school district have the authority to cooperate to jointly condemn land for a school/public park and recreational complex use.

Section 3 of the Act of July 12, 1972, P.L. 762, 53 P.S. § 483 (Act), authorizes a school district and a township to cooperate in the performance of their respective duties. Section 3 of the Act provides:

> Two or more municipalities [5] in this Commonwealth may jointly cooperate, or any municipality or municipalities located in any other state, in the exercise or in the performance of their respective governmental functions, powers or responsibilities. For the purpose of carrying the provisions of this act into effect municipalities cooperating shall enter into such joint agreements as may be deemed appropriate for such purposes.

To fulfill the purposes of the Act, a municipality is authorized to "cooperate or agree in the exercise of any function, power or responsibility with, or delegate or transfer any function, power or responsibility to one or more other governmental units including other municipalities...." Section 4 of the Act, 53 P.S. § 484. We conclude that it is the clear intent of the General Assembly that municipalities be permitted to cooperate for their mutual benefit. We hold that the school district and a first class township may enter into an agreement to jointly condemn

5. A municipality is defined in Section 1 of the Act, 53 P.S. § 481, as "a county, city of the second class, second class A and third class, borough, incorporated town, township, school district or any other similar general purpose unit of the government which shall hereafter be created by the General Assembly."

and develop land into a school/public park and recreational complex.

Buckwalters next argue that the agreement between District and Township is invalid because it does not contain a specific duration and fails to identify the manner in which the parties intend to dispose of the property. Buckwalters contend that both of these terms are required by Section 7 of the Act because they are required to be in "the ordinance adopted by the governing body." [6]

■ The agreement does contain a specific clause with regard to duration. The agreement provides that it "shall continue in effect until terminated upon terms and conditions as agreed by the school district and township." It is clear that the intent of the parties is for the agreement to have an indeterminate length of time. We do not agree with Buckwalters' assertion that an exact duration of the agreement is necessary so long as a duration is specified.

■ The agreement also indicates the manner in which the parties intended to acquire, hold and develop the tract of land. Although there is no clause which states the manner by which the property will be disposed, we conclude that such a clause is not required by Section 7 of the Act. The use of the word "or" in the Act clearly indicates that an agreement under the Act may involve the acquisition, management, licensing, or disposition of property, but need not involve all of these functions. In this case, the parties intend this agreement to have an indeterminate length. Neither party has plans to dispose of the property. Consequently, we conclude that the failure to specify the manner

6. Section 7 of the Act, 53 P.S. § 487, provides, in pertinent part: The ordinance adopted by the governing body of the municipality entering into intergovernmental cooperation or delegating or transferring any functions powers or responsibilities to another municipality or to a council of governors, consortion or any other similar entity shall specify;

....

2. The duration of the term of the agreement;

....

6. The manner in which property, real or personal shall be acquired, managed, licensed or disposed of....

by which the property will be disposed is not fatal to this agreement.

■ Finally, Buckwalters contend that the trial court erred by granting Condemnors possession of the property during the pendency of the appeal because there were pending preliminary objections warranting delay. Section 407(a) of the Eminent Domain Code[7] permits a court to issue a writ of possession "unless preliminary objections warranting delay are pending...." The use of the phrase "preliminary objections *warranting delay*" (emphasis added) indicates that there needs to be more than the mere existence of pending preliminary objections. In the case at hand the trial court found that cooperation between District and Township was specifically authorized by the Act. Additionally, the trial court concluded that the Eminent Domain Code provided an adequate remedy should the pending preliminary objections be sustained on appeal. We conclude that the trial court did not abuse its discretion by issuing the writ of possession.

Accordingly, the orders of the trial court are affirmed.

## ORDER

### (Nos. 498 and 984 C.D.1989)

AND NOW, March 2, 1990, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed.

COLINS, Judge, dissenting.

Statutes which allow governmental interests to involuntarily deprive their citizens of privately-held property must be interpreted in the strictest manner possible. Since the statutes in question contain absolutely no specific authorization for the type of condemnation which the majority has approved, I must respectfully dissent.

---

7. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–407.

I would also, of course, reverse the trial court's decision to grant the condemnors a writ of possession.