698 A.2d 39

In re CONDEMNATION BY THE PENNSYLVANIA TURNPIKE COMMISSION OF 14.38 ACRES IN FEE SIMPLE, IN NORTH BEAVER TOWNSHIP, LAWRENCE COUNTY, Commonwealth of Pennsylvania, for the Beaver Valley Expressway Project.

Condemnees James C. Bright Virginia Bright and Douglas McKibben.

Appeal of PENNSYLVANIA TURNPIKE COMMISSION.

Supreme Court of Pennsylvania.

Argued March 3, 1997.

Decided July 22, 1997.

434

Samuel P. Kamin, Pittsburgh, Ann Marie Williams, for appellants Pennsylvania Turnpike Commission.

Daniel I. Herman, New Castle, for appellees James and Virginia Bright and Douglas McKibben.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## *OPINION*

NIGRO, Justice.

This appeal presents two issues related to damages for a governmental taking pursuant to the Eminent Domain Code, 26 Pa. Stat. §§ 1–101—1–903 (Supp.1997). The Pennsylvania Turnpike Commission challenges the Commonwealth Court's decision that it is the function of the jury, rather than the court, to determine whether a condemnee is entitled to dam-

ages under the Assembled Economic Unit Doctrine. In addition, the Turnpike Commission challenges the award of appraisal and attorneys' fees to both the owners and a lessee of the condemned property. For the reasons set forth below, we affirm the Commonwealth Court's decision.

Douglas McKibben renovated a barn on James and Virginia Brights' property and began operating a dairy farm in 1986. McKibben is the Brights' grandson. He entered into a lease agreement with the Brights in connection with his use of their property. McKibben, together with James Bright, also bought a property about the same size as the Brights' 48-acre farm to store cows that were not currently producing milk. McKibben leased a third property to grow hay.

In 1989, the Turnpike Commission filed a Declaration of Taking pursuant to the Eminent Domain Code, 26 Pa. Stat. § 1–402, and condemned 14.38 acres of the Brights' farm, including the renovated dairy barn and another barn. The Turnpike Commission planned to build a road on the property. It petitioned for the appointment of a Board of Viewers to determine the condemnation damages.

The Brights and McKibben argued before the Board of Viewers that in addition to the condemned property's fair market value, they are entitled to damages under the Assembled Economic Unit Doctrine (AEUD). The AEUD allows compensation for certain machinery, equipment and fixtures when the nature of a condemnee's business requires a unique building for its operation and no other building within a reasonable distance is adaptable to the functioning of the business. *Singer v. Redevelopment Auth.*, 437 Pa. 55, 67, 261 A.2d 594, 600–01 (1970). Because the condemnee cannot maintain his economic status by relocating, the equipment and fixtures are considered part of the condemned real estate in order to provide just compensation. *Id.*[1]

At the hearings, the parties presented conflicting evidence about the uniqueness of the barn and whether another property within a reasonable distance was adaptable for the busi-

1. Other instances where the AEUD applies are not at issue.

ness.[2] The Board of Viewers decided that the Brights and McKibben did not prove that their dairy farm was so unique that another property within a reasonable distance was not adaptable. While it awarded the Brights the decreased value of the land in the amount of $72,000 and appraisal and attorneys' fees as provided by statute, the Board awarded no damages under the AEUD.

The Brights and McKibben appealed the Board of Viewers' decision and demanded a jury trial. Prior to trial, the judge reviewed the record and ruled that the AEUD did not apply. The judge also reversed the Board's decision in part and held that McKibben, in addition to the Brights, was entitled to an award for appraisal and attorneys' fees. The Brights and McKibben and the Turnpike Commission appealed these rulings.

The Commonwealth Court reversed in part and affirmed in part.[3] It held that it was the jury's function to decide whether there was another building within a reasonable distance where the Brights and McKibben could relocate the business. It thus vacated that part of the trial court's order and remanded for a jury determination on the AEUD's applicability.[4] In addition, the Commonwealth Court affirmed the trial court's award of appraisal and attorneys' fees to both the Brights and McKibben. We granted the Turnpike Commission's Petition for Allowance of Appeal.

**2.** James Bright, McKibben and their expert appraiser testified that the dairy barn was custom built and that no other properties were adaptable for the business. McKibben also explained that renovating a property and relocating were not feasible because if cows are not timely milked, they stop producing. The Turnpike Commission's expert appraiser testified that the barn was not unique and that the dairy farm could be relocated to James Bright's and McKibben's other property.

**3.** Appellate review in an eminent domain case is limited to a determination of whether the trial court abused its discretion or committed an error of law, and whether the findings of fact are supported by substantial evidence. *In re Condemnation of 30.60 Acres of Land,* 132 Pa. Commw. 158, 161, 572 A.2d 242, 244 (1990).

**4.** Judge Doyle believed that the trial judge properly determined that the AEUD did not apply and dissented from this part of the majority opinion.

An appeal from the Board of Viewers is considered a trial de novo and is without a jury unless a jury trial is demanded. 26 Pa. Stat. § 1–516, Comment–Joint State Government Commission. In other cases where parties demanded jury trials on appeal, the jury determined the AEUD's applicability. *See Benkovitz v. Urban Redevelopment Auth. of Pittsburgh,* 56 Pa. Commw. 523, 425 A.2d 1178 (1981)(jury considered AEUD's applicability); *Redevelopment Auth. of Erie v. Pulakos,* 17 Pa. Commw. 251, 330 A.2d 869 (1975)(same). In reviewing challenges to the juries' awards in these cases, the Commonwealth Court stated that it is the jury's function to determine whether the AEUD applies. *Id. See also Redevelopment Auth. of Washington v. Sepesy,* 107 Pa. Commw. 227, 528 A.2d 287 (1987)(stating that it is the jury's function to determine the AEUD's applicability based upon the credibility and weight of the testimony); *Redevelopment Auth. of Philadelphia v. General Mills, Inc.,* 44 Pa. Commw. 391, 404 A.2d 710 (1979)(stating that the trial court properly instructed the jury that they were to decide the correct valuation approach).

 The Turnpike Commission, however, argues that the Eminent Domain Code dictates that the trial judge may decide whether the AEUD applies notwithstanding that the Brights and McKibben requested a jury trial. We disagree. Under the Eminent Domain Code, an appeal of the viewers' decision to the trial court must set forth all objections of law or fact, other than to the amount of the award and, if desired, demand a jury trial. 26 Pa. Stat. §§ 1–515, 1–516. The statute further states that:

> All objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily. The court may confirm, modify, change the report or refer it back to the same or other viewers. A decree confirming, modifying or changing the report shall constitute a final order.

*Id.* § 1–517.

These statutory provisions were designed to combine in one proceeding the earlier practice of filing exceptions as to ques-

tions of law and separate appeals as to questions of fact. 26 Pa. Stat. § 1–516, Comment–Joint State Government Commission; *Kellman Trust Fund v. Dep't of Transportation,* 24 Pa. Commw. 102, 110, 354 A.2d 583, 590–91 (1976). Originally, exceptions to viewers' reports related to questions of law and procedure were disposed of by the court preliminarily. *Kellman,* 24 Pa. Commw. at 110 n. 7, 354 A.2d at 590–91 n. 7. Factual issues were the subjects of appeal and a trial de novo before a jury. *Id.*[5] Under the current statute, a party states all of its objections in one filing and the court distinguishes issues of fact and law. The court continues to rule upon issues of law preliminarily and reserves factual issues for the jury. *Id.* at 114–15, 354 A.2d at 592–93. *See also Amoco Oil Co. v. Dep't of Transportation,* Pa. Commw., 679 A.2d 1369, 1373 (1996) (rejecting a literal interpretation of section 517 and stating that courts shall determine pure questions of law preliminarily and preserve mixed questions of fact and law for the trial de novo), *appeal denied,* 547 Pa. 758, 692 A.2d 567 (1997).

The Turnpike Commission also argues that *Hershey v. Exxon Corp.,* 20 Pa. Commw. 537, 342 A.2d 497 (1975) supports that courts may decide mixed questions of fact and law preliminarily. In *Hershey,* however, the Commonwealth Court held that a trial court erred in deciding such a question preliminarily solely based upon the parties' briefs and oral argument. *Id.* at 542, 342 A.2d at 500. Because there had been no factfinding at the trial court level, the Commonwealth Court remanded the case. The Commonwealth Court proposed various methods of factfinding in its opinion and gave the trial court discretion to choose the appropriate one. To the extent *Hershey* allowed the trial court to engage in factfinding on remand where the parties demanded a jury trial in their appeal, it is rejected.[6]

5. *See also Chester Municipal Auth. v. Delp,* 371 Pa. 600, 92 A.2d 169 (1952) (questions of law properly raised by exceptions should be disposed of preliminarily by a court and issues of fact are for a jury).

6. Following *Hershey,* in *City of Chester v. Dep't of Transportation,* 495 Pa. 382, 434 A.2d 695 (1981), the Supreme Court approved a trial

The Commonwealth Court thus properly held that the jury must decide the AEUD's applicability—a mixed question of fact and law—in the trial de novo. Since the Brights and McKibben demanded a jury trial, a jury must resolve the conflicting evidence on whether the barn was unique and whether there was another property adaptable for the dairy business.

■ The Turnpike Commission also argues that the lower courts erred by awarding both the Brights and McKibben appraisal and attorneys' fees because they had a joint interest in the dairy farm. The applicable provision of the Eminent Domain Code states:

> The owner of any right, title, or interest in real property acquired or injured by an acquiring agency ... shall be reimbursed in an amount not to exceed five hundred dollars ($500) as payment toward reasonable expenses actually incurred for appraisal, attorney and engineering fees.

26 Pa. Stat. § 1–610. We agree with the lower courts that this provision is unambiguous and that anyone with a property interest in condemned property is entitled to the fee award. *See Millcreek Township Sewer Auth. v. Anderson*, 40 Pa. Commw. 40, 397 A.2d 26 (1979)(multiple owners of condemned property are each entitled to an award under Section 610). A leasehold interest is a property interest that may not be condemned without just compensation. *Graham Realty Co. v. Dep't of Transportation*, 67 Pa. Commw. 318, 321, 447 A.2d 342, 344 (1982). Thus, both the Brights and McKibben have interests in the condemned property and are entitled to fee awards. While the Turnpike Commission asks this Court to take into account facts about the parties' relationship, the statute does not allow for such considerations.

■ We thus hold that where condemnees demand a jury trial in an appeal from the Board of Viewers, and there is conflicting evidence as to whether they are entitled to damages under the Assembled Economic Unit Doctrine, it is the

court's ruling on a mixed question of fact and law. The parties had not requested a jury trial.

jury's function to decide whether such damages should be awarded. We further hold that the Eminent Domain Code provides for awards of appraisal and attorneys' fees to both owners and lessees of condemned property. The Commonwealth Court's decision is affirmed. Jurisdiction relinquished.

ZAPPALA, J., concurs in the result.