In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 50, Section 4J, in the Township of Wharton, Claim No. 2603666. Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Donald E. Shartzer and Lillian A. Shartzer, his wife, Appellees.

356

Argued October 7, 1985, before Judges Rogers and Palladino, and Senior Judge Kalish, sitting as a panel of three.

*Jeffrey L. Giltenboth,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Carl P. Izzo, Jr.,* with him, *Robert L. Webster, Webster & Webster,* for appellees.

Opinion by Judge Palladino, January 27, 1986:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation (DOT) from an order of the Court of Common Pleas of Fayette County (trial court) which granted both parties leave to file amended pre-trial statements and ordered the case to proceed to trial. We quash the appeal for lack

of jurisdiction because the order at issue is not a final order of the trial court.

DOT condemned real property owned by Donald E. Shartzer and Lillian A. Shartzer (Condemnees) which was being used as a junkyard. The condemnation included the right to enter upon and remove all of the junk located on the property, in order to create a neutral zone for beautification purposes and to erect screens to shield the remaining property's use from view of the highway. A Board of Viewers was appointed, heard testimony, and filed a report containing findings of fact and an award. DOT filed an appeal from the Board of Viewers' award challenging only that portion of the award relating to the value of the land. No appeal was taken by Condemnees. After the filing of pre-trial statements by both DOT and Condemnees, the trial court held a pre-trial conference and entered an opinion which stated that, at the *de novo* trial, either party may offer testimony concerning the appropriateness of all items of damages awarded by the Board of Viewers. Having thus determined the issues to be tried, the trial court ordered that the case proceed to trial. It is from this order that DOT appeals.

For the reasons which follow, we hold that this order is not a final order and, therefore, this Court is without jurisdiction to consider the merits of DOT's appeal.[1] Section 517 of the Eminent Domain Code[2] provides:

---

[1] Although neither DOT nor Condemnees have raised the issue of this Court's jurisdiction, the Court may raise this issue *sua sponte*. An appellate court cannot assume jurisdiction of an interlocutory order, even with the consent of the parties. *Kratz v. Board of Commissioners of Upper Gwynedd Township*, 88 Pa. Commonwealth Ct. 108, 488 A.2d 670 (1985).

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-517.

> All objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily. The court may confirm, modify, change the report or refer it back to the same or other viewers. A decree confirming, modifying or changing the report shall constitute a final order.
>
> The amount of damages shall be determined by the court unless a jury trial has been demanded.
>
> At the trial of the case, the condemnee shall be the plaintiff and the condemnor shall be the defendant.

The objection to the report of the Board of Viewers raised by DOT before the trial court was to the amount of the award, specifically as it related to the value of the land. As such, it was not a matter to be determined by the trial court preliminarily. Additionally, the trial court did not confirm, modify or change the report of the Board of Viewers, thus the order is not a final order as defined by the clear and unambiguous statutory language.

In the case of *Kellman Fund v. Department of Transportation*, 24 Pa. Commonwealth Ct. 102, 354 A.2d 583 (1976) this Court undertook a detailed analysis of what constitutes a final order under Section 517 and concluded that appeals which do not specifically object to any legal determination contained in the Board of Viewers' report, but which merely request a trial because of alleged inadequacies of an award, do not present any issues for the trial court's preliminary disposition. *Id.* at 117, 354 A.2d at 594.

The *Kellman Fund* Court also stated that the pre-trial order entered in that case would have the same effect as any other pre-trial order[3] and could not

---

[3] *See* Pa .R.C.P. No. 212.

finally dispose of all legal questions prior to the trial *de novo.* Questions regarding the admissibility of evidence or the ultimate legal issues to be resolved are to be considered and ruled upon during the course of the trial. These rulings are then appealable once a final order is entered at the conclusion of the trial. *Id.* at 118-119 & 118 n. 22, 354 A.2d at 594-595 & 595 n. 22.

Because, in the case at bar, the legal questions addressed by the trial court in its pre-trial order pertain to the elements and evidence of damages to be presented at trial, and does not confirm, modify or change the Board of Viewers' report, it is not a final order. The jurisdiction of this Court, relating to eminent domain cases, is limited to *final orders* of the courts of common pleas.[4]

We must, therefore, quash DOT's appeal.

ORDER

AND NOW, January 27, 1986, the appeal by the Commonwealth of Pennsylvania, Department of Transportation, from the order of the Court of Common Pleas of Fayette County, No. 2739 of 1979 G.D., dated October 3, 1984, is quashed.

---

[4] *See* 42 Pa. C. S. §762(a)(1)(ii), §762(a)(6).

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

Condemnee's property was condemned pursuant to an Act of the legislature restricting the maintenance of junkyards along highways and authorizing the Secretary of the Department of Transportation (DOT) to eliminate such junkyards by condemnation and remove such property thereon to carry out the provisions of the Act. Act of July 28, 1966, Special Sess., P.L. 91, *as amended,* 36 P.S. §2719.1.

The condemnor, pursuant to its declaration of taking, condemned the real estate and removed 1,064 junked cars, various parts and tire casings.

The Board of Viewers made an award of $170,000 for the real estate, plus delay damage, for a total of $174,202.66; $250 for attorney's fees; $250 for appraisal fees; $12,500 for tires; $33,750 for 450 cars.

D.O.T. appealed only the award for damages to the real estate. The condemnee took no appeal.

The trial court held that despite apportionment, the award was a single award and that an appeal created a *de novo* trial and that either party may offer testimony concerning the appropriateness of all items of damage awarded by the viewers.

Since the only issue before the trial court was the value of the land, the Commonwealth contends that evidence of other damages would be irrelevant.

The condemnee contends that once an appeal is taken there is a *de novo* proceeding for all purposes and that any portion of the award may be challenged.

Section 515 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-515, provides that all awards of damages as to which no appeal is taken shall become final and shall constitute a final judgment. Awards may be apportioned. Section 511 of the Code, 26 P.S. §1-511.

The so-called unit rule has no application and is irrelevant to the issue involved here. The rule has nothing at all to do with items of damage not connected with the fair market value of the real estate. As to that element of damage, this was a final order.

Section 705 of the Code, 26 P.S. §1-705, permits a qualified real estate expert to state all facts and data which he considered in arriving at his opinion of the fair market value of the real estate as just compensation. In so doing, the so-called unit rule permits the

expert to enumerate the elements he considered, not as distinct or independent elements of damage, but *simply as an element bearing on fair market value of the real estate.* Thus, in *Scavo v. Department of Highways*, 439 Pa. 233, 266 A.2d 759 (1970), the Pennsylvania Supreme Court said it was error to allow in evidence the cost for excavating and blasting and the cost of the original investment as separate items in determining the fair market value of the real estate.

While the Code does state that any or all facts and data which the expert considered in arriving at his fair market value opinion are admissible, such facts and data must be judicially relevant and competent. *See Zamsky v. Pittsburgh Public Parking Authority*, 378 Pa. 38, 105 A.2d 335 (1954).

In conclusion, the unit rule is not applicable to this case. The only issue on appeal to the trial court was the value of the real estate. The other awards are irrelevant on that issue. The awards are final as to those items.