WEST MIFFLIN AREA SCHOOL
DISTRICT

v.

BOARD OF PROPERTY ASSESS-
MENT APPEALS and Review of
Allegheny County, Pennsylvania.

Interested Parties Allegheny County,
Borough of West Mifflin

Tech One Associates

v.

Board of Property Assessment Appeals
and Review of Allegheny County,
Pennsylvania.

Interested Parties McKnight Family
Center # 3 t/c Chuck E. Cheese, Wen-
dy's International, Inc. and National
City Bank.

Appeal of Borough of West Mifflin.

West Mifflin Area School District

v.

Board of Property Assessment Appeals
and Review of Allegheny County,
Pennsylvania.

Interested Parties Allegheny County,
Borough of West Mifflin.

Tech One Associates

v.

Board of Property Assessment Appeals
and Review of Allegheny County,
Pennsylvania.

Interested Parties McKnight Family
Center # 3 t/c Chuck E. Cheese, Wen-
dy's International, Inc. and National
City Bank.

Appeal of Borough of West Mifflin.

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2004.
Decided March 10, 2004.

Donald C. Fetzko, West Mifflin, for appellant.

Dusty Elias Kirk, Pittsburgh, for appellees, National City Bank of PA & Wendy's International, Inc.

Harvey E. Robins, Pittsburgh, for appellee, McKnight Family Center #3 t/c Chuck E. Cheese.

BEFORE: FRIEDMAN, J., LEADBETTER, J., and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Borough of West Mifflin (Borough) appeals from the April 23, 2003,[1] order of the Court of Common Pleas of Allegheny County (trial court), as amended by the trial court's June 11, 2003, order, which dismisses the Borough's objections to Masters' Reports for certain properties for the years 2000, 2001, 2002 and 2003. We reverse.

Tech One Associates (Tech One) owns a certain parcel of real estate located in the Borough known as Lot and Block Number 312–L–50 (Property). The Property can be characterized as the out parcel acreage surrounding a commercial development known as Century Three Mall. Over the years, Tech One subdivided the Property into a series of distinct, contiguous parcels, many of which are occupied by commercial tenants who have varying degrees of responsibility for the payment of real estate taxes. (Trial ct. op. at 2.)

---

1. We note that the actual order is dated April 23, 2002. However, the trial court's docket shows that the order was dated April 23, 2003.

Tech One filed tax assessment appeals with the trial court contesting the tax assessment decision of the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania (Board) with respect to the tax years 1986 through 1999. A number of Tech One's tenants intervened in the appeals because the tenants' leases require them to pay additional rents based on the tax assessments. The trial court appointed Masters, who conducted evidentiary hearings in June, July and October of 1999. (Trial ct. op. at 2.)

On January 1, 2000, the separate parcels comprising the Property received their own Lot and Block Numbers. The parcel leased by Tech One to McKnight Family Center #3, t/a Chuck E. Cheese (McKnight) received Lot and Block Number 312-P-9; the parcel leased by Tech One to Wendy's International, Inc. (Wendy's) received Lot and Block Number 312-L-55; and the parcel leased by Tech One to National City Bank (National) received Lot and Block Number 470-A-207. (Trial ct. op. at 2.)

On April 14, 2000, the Masters issued a Report recommending the fair market values and assessed values for each parcel for the tax years 1986 through 1999. Tech One filed objections on April 27, 2000, but, by order dated July 17, 2001, the trial court dismissed the objections and adopted the Masters' Report. On August 14, 2001, Tech One filed an appeal with this court with respect to tax years 1986 through 1999. (Trial ct. op. at 2–3; R.R. at 10a, 346a–47a.)

On September 18, 2001, the trial court issued an order directing the Masters to set the assessment for the McKnight parcel for the years 2000 and 2001. On October 15, 2001, the trial court issued an order directing the Masters to set the assessment for the parcels leased to Wendy's and National for the years 2000 and 2001. (R.R. at 10a, 360a; S.R.R. at 157b.)

The Masters held a hearing on November 29, 2001. Counsel for the taxing bodies objected to the Masters' jurisdiction because of the pending appeal in Commonwealth Court and because there had not been a hearing before the Board. The Masters overruled the objections and conducted the hearings. On December 28, 2001, the Masters filed three Reports setting forth the fair market values and assessed values for the parcels leased by Tech One to McKnight, Wendy's and National for the years 2000 and 2001. In January of 2002, the Borough filed objections to the Masters' Reports. (Trial ct. op. at 3–4; R.R. at 393a–96a.)

On June 26, 2002, this court affirmed the trial court's decision with respect to the assessments for the years 1986 through 1999. In July of 2002, Tech One filed a petition for allowance of appeal with the Pennsylvania Supreme Court at 405 WAL 2002, which was granted. Additional litigation followed until a settlement was reached in April of 2003, requiring the withdrawal of pending appeals relating to the assessments for the years 1986 through 1999. (R.R. at 12a, 409a, 487a–95a; S.R.R. at 188b.)

By order dated April 23, 2003, as amended on June 11, 2003, the trial court dismissed the Borough's objections to the Masters' Reports for the years 2000 and 2001. Although the Masters' Reports do not address the years 2002 and 2003, the trial court's amended order also dismisses the Borough's objections to the Masters' Reports for the years 2002 and 2003.[2] In May of 2003, the Borough filed an appeal from the April order at 1158 C.D.2003,

---

2. We note that, inasmuch as the Masters' Reports do not address the years 2002 and 2003, the Borough could not file objections to such reports.

and, in June of 2003, the Borough filed an appeal from the June amending order at 1487 C.D.2003. (Appellant's brief, Appendix B and C; R.R. at 14a–15a.) The appeals have been consolidated for argument.

■ The Borough argues that the trial court lacked jurisdiction to conduct evidentiary proceedings for tax years 2000 and 2001 when an appeal of a final order regarding prior tax years was pending before this court.[3] We agree.

Our resolution of this issue involves consideration of: (1) Pa. R.A.P. 1701; (2) section 518.1(b) of The General County Assessment Law (Law), Act of May 22, 1933, P.L. 853, *added by,* the Act of December 28, 1955, P.L. 917, *as amended,* 72 P.S. § 5020–518.1(b); and (3) this court's conclusions regarding these provisions in *Chartiers Valley School District v. Board of Property Assessment, Appeals and Review,* 154 Pa.Cmwlth. 81, 622 A.2d 420 (1993).

Pa. R.A.P. 1701(a) provides, in pertinent part, as follows: "Except as otherwise prescribed by these rules, after an appeal is taken ... the trial court ... may no longer proceed further in the matter." Pa. R.A.P. 1701(c) provides, in pertinent part, as follows:

Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal ... the appeal ... shall operate to prevent the trial court ... from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court ... or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Section 518.1(b) of Law, 72 P.S. § 5020–518.1(b) (emphasis added), provides as follows:

If a taxpayer has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment *subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or the court.* This provision shall be applicable to all pending appeals as well as future appeals.

■ In *Chartiers Valley,* this court referred to section 518.1(b) as the "automatic appeals" provision of the Law. This court stated that the intent of the "automatic appeals" provision is twofold: (1) the elimination of duplicative appeals; and (2) the consolidation of subsequent tax assessments with those originally appealed for trial purposes. *Id.* Upon consideration of "automatic appeals" in tax assessment cases, this court reached the following conclusions:

1. So long as the real estate appeal is pending before the board or the court of common pleas, all subsequent tax assessments are incorporated. Once the case has come before the court of common pleas, that court must hear evidence and decide all properly presented issues relevant to all the tax assessments incorporated into the appeal.

---

3. Appellee McKnight contends that the Borough waived any objection to the trial court's jurisdiction by entering a stipulation acknowledging the trial court's jurisdiction. (McKnight's brief at 12.) However, questions of jurisdiction cannot be waived; in fact, this court may raise them *sua sponte. See Davis v. City of Philadelphia,* 702 A.2d 624 (Pa. Cmwlth.1997) (stating that an issue of subject matter jurisdiction is not waivable and may be raised *sua sponte* by a court).

2. When subsequent assessments have thus been incorporated into the proceedings before the common pleas court, that court has no authority to remand them for initial consideration by the board because such fragmentation would violate the trial consolidation intent of the statute.

3. For the same reason, *the trial court cannot sever proceedings before it by deferring any incorporated subsequent assessment for later trial.*

4. *If the court of common pleas decision is appealed to this court, jurisdiction of the court of common pleas is ended.* Pa. R.A.P. 1701(a). No tax assessments arising while the case is before the appellate courts are incorporated because they cannot be consolidated for trial with the tax assessments already decided by the court of common pleas.

However, in the event of an appeal, if the trial court does reserve any issue(s), ... then the trial court can retain jurisdiction pursuant to Pa. R.A.P. 1701(c). *If the trial court does not specifically reserve an issue for trial court jurisdiction, ... the general bar of Pa. R.A.P. 1701(a) applies to the trial court.* As noted above, however, a trial court may not defer later tax year assessments for subsequent disposition, ·nor may it ·remand such assessments to the administrative authorities.

5. However, if the appellate court remands such a case to the court of common pleas for further evidentiary proceedings, it is again before a court on appeal from the determination of the board. Accordingly, intervening tax assessments are incorporated, and the trial court must consolidate those newly incorporated assessments with the remanded issues.

6. *If the appellate court decision does not remand the case to the court of common pleas, when the appellate court order disposing of the case becomes final, all jurisdiction of that docket number ceases.*

*Chartiers Valley,* 622 A.2d at 429 (citations omitted) (footnote omitted) (emphasis added).

██ Here, the trial court entered a final order on July 17, 2001, relating to the assessments for the years 1986 through 1999.[4] The trial court did not reserve later assessment years for subsequent disposition, and there was not an appellate court decision remanding the 1986 to 1999 assessment years to the trial court. Thus, under Pa. R.A.P. 1701(a), the trial court's jurisdiction ended with its July 17, 2001, final order. As a result, the trial court's subsequent orders relating to the years 2000, 2001, 2002 and 2003 were improper.

Accordingly, we reverse.[5]

Judge LEADBETTER dissents.

### ORDER

AND NOW, this 10th day of March, 2004, the order of the Court of Common Pleas of Allegheny County, dated April 23, 2003, and amended June 11, 2003, is hereby reversed. In addition, the appellees'

---

4. Arguably, the tax assessments for the years 2000 and 2001 were before the trial court when it issued its July 1·7, 2001, order; however, under *Chartiers Valley,* the trial court could not sever the proceedings for 2000 and 2001 for later trial.

5. The appellees seek an award of counsel fees pursuant to Pa. R.A.P. 2744, arguing that the Borough's appeal is frivolous. However, because the Borough has prevailed in this matter, it is apparent that the Borough's appeal is not frivolous. Therefore, the appellees are not entitled to an award of counsel fees.

request for counsel fees pursuant to Pa. R.A.P. 2744 is denied.