In Re: Condemnation Proceeding by SOUTH WHITEHALL TOWNSHIP AUTHORITY, LEHIGH COUNTY, Pennsylvania to Acquire Sanitary Sewerage Easement, over, under and through 0.498 Acres of Lands Owned of Record by Alexander G. Tamerler

**Appeal of: Alexander G. Tamerler.**

Commonwealth Court of Pennsylvania.

Argued April 7, 2005.
Decided May 4, 2005.

Kevin T. Fogerty, Allentown, for appellant.

Donald E. Wieand, Jr., for appellee.

BEFORE: COHN JUBELIRER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

Alexander G. Tamerler (Property Owner) appeals an order of the Court of Common Pleas of Lehigh County (trial court) granting South Whitehall Township Authority's (Condemnor) motion in limine to preclude evidence. Because we conclude we do not have jurisdiction, we quash the appeal.

Condemnor filed a Declaration of Taking (Declaration) for a sanitary sewer easement across lands owned by Property Owner. The Declaration was filed pursuant to the authority granted Condemnor under South Whitehall Township Authority Resolution No. 2001–6–BOA. The Resolution provides for an extension of the existing sanitary sewerage system and states, in relevant part,

> **WHEREAS,** the Board finds it necessary and desirable to acquire a right-of-way and easement in and through certain lands of [Property Owner] ... together with an adjacent construction easement ...
>
> ...
>
> 1. *Location of Property and Owner:* Authority hereby selects, and shall hereafter acquire, appropriate, take and condemn as and for a sanitary sewerage easement, that certain twenty-five foot (25') wide easement, and adjacent con-

struction easement, over, under and through, those certain lands of [Property Owner] . . .

. . .

4. *Nature of Acquisition:* The nature of the title acquired by this condemnation is a utility easement, and adjacent construction easement in lands of [Property Owner].

Reproduced Record (R.R.) at 20a.

Property Owner petitioned for appointment of a Board of Viewers (Board), which was granted. After the Board filed its report, both Property Owner and Condemnor appealed to the trial court pursuant to the Eminent Domain Code.[1]

Condemnor filed a motion in limine to preclude Property Owner from introducing at trial expert testimony that the Declaration landlocked Property Owner's property and appropriated a fee simple interest rather than a mere easement. The motion in limine asked the trial court to, "prevent any parole testimony suggesting (i) that the [Condemnor] took a fee simple interest in the Condemned Property, and (ii) that [Property Owner] does not have continued access rights to the surface of the Condemned Property." R.R. at 48a. The motion did not seek a confirmation, modification or change of the Board Report.

The trial court granted the motion, finding, "Since [Condemnor's] Resolution appropriated a utility easement across the Property, *no parole evidence shall be admitted* to suggest that a fee interest in the Property was appropriated, or that [Property Owner] is prevented from using the surface of the Property for access to his abutting lands." R.R. at 67a (emphasis added.) The order did not confirm, modify or change the Board Report. Indeed, it did not mention the Board Report.

The trial court later adopted a "clarifying" order proposed by Property Owner. The clarifying order stated the first order "was in the nature of a preliminary legal determination made pursuant to Section 517 of the . . . Eminent Domain Code . . . and therefore constitutes a final Order which is immediately appealable to the Pennsylvania Commonwealth Court." R.R. at 68a. The clarifying order did not mention the Board Report.

■ Property Owner now appeals and argues the language of the Resolution indicates Condemnor took a fee simple interest that landlocked his property. However, because we conclude we do not have jurisdiction, we do not reach this argument.

■ Although the question of our jurisdiction was not raised by either party, jurisdictional issues may be raised by this Court on its own motion. *West Mifflin Area Sch. Dist. v. Bd. of Prop. Assessment Appeals*, 844 A.2d 602 (Pa.Cmwlth.2004). Under 42 Pa.C.S. § 762(a), our jurisdiction to hear appeals is limited to final orders.[2] Section 517 of the Eminent Domain Code states, with emphasis added,

All objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily. The court may confirm, modify, change the report or refer it back to the same or other viewers. *A decree confirming, modifying or changing the report shall constitute a final order.*[3]

---

1. Section 515 of Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–515.

2. "Final orders" are, "any order that: (1) disposes of all claims and of all parties; or (2) any order that is expressly defined as a final order by statute; or (3) any order entered as a final order pursuant to subdivision (c) of this rule." Pa. R.A.P. 341(b).

3. 26 P.S. § 1–517.

Thus, Section 517 of the Eminent Domain Code requires a trial court to determine certain legal issues preliminarily. However, that section does not classify all such preliminary determinations as final orders. Rather, only those preliminary determinations that confirm, modify or change a report of viewers shall constitute final orders.

Section 517 was enacted to "provide early judicial review of the reports of boards of view. Questions of improper board procedures or issues determinative of the legal outcome of a board's report must be settled preliminarily to a trial de novo." *Kellman Trust Fund v. Dep't of Transp.*, 24 Pa.Cmwlth. 102, 354 A.2d 583, 591 (1976). The purpose in doing so was to enable the trial court to dispose of legal issues pertaining to the board of viewers' report in the hopes that the parties would be satisfied and not demand a trial de novo. *Id.* at 591 n. 8. Section 517 was designed to combine the former practices of filing exceptions to questions of law and appeals as to questions of fact. *Id.* at 590–591. Section 517 makes clear questions of law *as related to the board of viewers' report* should be settled preliminarily, with the trial court then confirming, modifying, or changing the report based on the objections. *Id.* at 592.

However, Section 517 does not require all questions of law be settled preliminarily, only that the board of viewers' report be settled before trial. *Id.* at 594. Admissibility of evidence may be considered during the course of the trial, or before the trial commences; but orders regarding the admissibility of evidence would be treated as any other pretrial order and would not be appealable under Section 517. *Id.* at 595. In other words, when the relief sought relates to the man-

ner in which the trial de novo is to be conducted, the order is not appealable under Section 517. Such orders are subject to regular posttrial practice and are reviewable on appeal after the trial de novo.

An instructive case is *In re Condemnation by the Commonwealth of Pennsylvania, Dep't of Transp., of Right of Way for Legislative Route 50, Section 4J, in the Township of Wharton, Claim No. 2603666*, 94 Pa.Cmwlth. 355, 503 A.2d 1028 (1986). In that case, the legal questions addressed by the trial court in its pretrial order pertained to the elements and evidence of damages to be presented at trial, and the pretrial order did not confirm, modify or change the Board of Viewers' report. We concluded the pretrial order was not a final order. *Id.* at 1030.

Similarly, here the trial court's first order addressed evidentiary issues for trial. It did not confirm, modify or change the Board Report. Also, the clarifying order classified the first order as a preliminary determination, but it did not confirm, modify or change the Board Report. Based on the clear language of Section 517 and on case law interpreting it, we respectfully disagree with the trial court's conclusion that its order was final.

Further, where the issue before the trial court is a mixed question of law and fact, the question may not be decided preliminarily but must be decided in the trial de novo. *In re Condemnation by the Pennsylvania Turnpike Commission of 14.38 Acres in Fee Simple, in North Beaver Township, Lawrence County*, 548 Pa. 433, 698 A.2d 39 (1997). The question to be decided, whether the taking was of a fee simple interest or an easement, may be a mixed question of law and fact which must be reserved for the fact-finder.[4] Ac-

---

4. The Board of Viewers found, "Subsequent   to the date of injury, a sewer line was laid in

cordingly, the trial court's order is not final under Section 517, and we do not have jurisdiction.

It is also noteworthy that the expert witness report that prompted the motion in limine is not part of the record. Clearly, the parties attempt to convert a pretrial evidentiary ruling on expert testimony into an interlocutory appeal. This delays trial and allows delay compensation to accrue.[5]

For the foregoing reasons, the appeal is hereby quashed.

### ORDER

AND NOW, this 4th day of May, 2005, the above-captioned appeal is **QUASHED**.

Jurisdiction relinquished.

---

the easement area and the surface returned to its original condition." Questions about physical impediments are factual, whereas questions about the language of the Resolution are legal.

5. Section 611 of the Code, 26 P.S. § 1–611.