IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the City of  :
Philadelphia of the Airport Business  :  No. 1355 C.D. 2021
Center, Tinicum Township, Delaware  :  Argued: June 7, 2023
County  :
   :
Appeal of: City of Philadelphia  :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS              FILED: December 7, 2023

The City of Philadelphia (City) appeals from the order entered by the Court of Common Pleas of Delaware County (trial court), which held that the jury could consider testimony regarding the highest and best use of the property owned by Wilbur C. Henderson & Son, David C. Henderson Marital Trust, Ambassador II Joint Venture, Henderson-Columbia Corp., and Henderson Ambassador Associates (collectively, Condemnees). On appeal, the parties dispute whether the trial court's order is a decree under 26 Pa.C.S. § 518(2) of the Eminent Domain Code (Code).[1] We grant Condemnees' application and quash the appeal.

## I. BACKGROUND[2]

The City condemned Condemnees' land, which was located adjacent

---

[1] 26 Pa.C.S. §§ 101-1106. We may cite to the codified Code to the extent older jurisprudence cites to the uncodified Code.

[2] We state the facts as presented in the trial court's November 10, 2021 order. The original record transmitted to this Court consists of several thousand, mostly unbound pages. Due to the

to the Philadelphia International Airport. Order, 11/10/21, ¶ 1.[3] Condemnees petitioned for a Board of View (Board), which issued a report. The City timely appealed to the trial court and requested a jury trial *de novo*. 42 Pa.C.S. § 5571; 26 Pa.C.S. § 517(b).

The City's notice of appeal raised almost 50 objections to the report, which in the City's view, required the trial court to modify, change, or refer the report back to the Board. Notice of Appeal from Board's Report, 11/12/20, at 3-18.[4]

We roughly categorize the City's relevant objections as follows. The City objected to the Board's failure to "apply the correct standard of proof when determining the highest and best use of the [p]roperty. The correct standard prohibits valuation based on a speculative use." *Id.* at 4 (citation omitted). The City questioned the Board's failure to address whether the property's highest and best use was financially feasible for Condemnees. *Id.* at 10. The City also claimed that the Board violated "the City's due process rights by considering reports from witnesses" that the City could not cross-examine. *Id.* The City asserted the Board erred by crediting some testimony and disregarding other evidence. *Id.* at 11-14.

In the City's view, the Board also "made numerous factual errors requiring reversal[.]" *Id.* at 14-18. For instance, the City contended that the "Board erred as a matter of fact by finding that the property is adaptable for air cargo use when there is no infrastructure on the property for that use." *Id.* at 15 (cleaned up).

near-universal absence of fasteners, we respectfully request that all involved ensure the transmission of a complete, organized record to facilitate disposition following the trial *de novo*. *See also* Admin. Order, 6/5/18 (requiring electronic filing in Delaware County).

[3] The City disputes the characterization of the property as "adjacent" to the airport. City's Resp. in Opp'n to Condemnees' Mot. to Quash, 12/27/21, at 9. To the extent the characterization is legally significant, it may be resolved at the trial *de novo*.

[4] Precisely, the City identified 12 objections, but many objections listed multiple "sub-objections" and some "sub-objections," in turn, had numerous "sub-sub objections." *See generally* Notice of Appeal from Board's Report.

2

Yet another example is the City's claim that the "Board erred as a matter of fact by finding that a zoning change was reasonably likely . . . ." *Id.*

The trial court held a hearing and ordered post-hearing briefing, following which it issued an order making "preliminary determinations" under 26 Pa.C.S. § 518(1). Order, 11/10/21. The court noted that it considered the parties' legal briefs and oral argument. *Id.* at 1.[5] The City requested that the court remand to the Board "with judicial findings as to the standards of proof and parameters as to the scope of evidence when determining the highest and best use of the condemned parcels." *Id.* ¶ 4 (cleaned up). The court construed the City's request as a pretrial ruling on "legal and evidentiary questions" regarding the "elements and evidence of damages" on the "highest and best use" of the property. *Id.* ¶¶ 5-6. In the court's view, remand to the Board was unnecessary and would serve "no purpose whatsoever" given the inevitable "*de novo* jury trial." *Id.* ¶ 6; *see also* Notice of Appeal from Board's Report at 14-18 (alleging numerous errors of fact by the Board); N.T. Hr'g, 7/26/21, at 86. The court added that it could "not take questions of fact or mixed questions of law and fact from the jury." Order, 11/10/21, ¶ 7.

With that background, the trial court reasoned that the property's "highest and best use" requires resolving whether that use is "reasonably available." *Id.* ¶ 10. In turn, the term "reasonably available," in the court's view, required consideration of "existing improvements, the demand in the market, the supply of competitive properties for such use, the zoning[,] and other reasonably pertinent factors." *Id.* In light of the above, the court held that the jury "may hear and weigh testimony of various uses of the property." *Id.* ¶ 11.

In sum, the trial court overruled the City's legal objections to the

---

[5] *See also* Notes of Testimony (N.T.) Hr'g, 7/26/21, at 86 (reflecting counsels' discussion on additional fact discovery, including potential depositions, for the trial *de novo*).

3

Board's report.  *Id.* ¶ 12.  The court held that the City's remaining objections are either (1) "moot" in light of the court's resolution of the City's legal objections, or (2) "mixed questions of law and fact" that are best resolved at the trial *de novo*.  *Id.* ¶ 14.  The court ordered the parties to set a pretrial schedule, and the court scheduled a pretrial conference.  *Id.* ¶¶ 15-16.  The court's order did not explicitly confirm, modify, or change the Board's report.  *See* 26 Pa.C.S. § 518(2).

The City timely appealed to this Court.  Notice of Appeal, 11/24/21.  The trial court did not order the City to comply with Pa.R.A.P. 1925(b) but filed an opinion explaining its decision.  The court concisely reasoned that the order appealed from was not an appealable interlocutory or collateral order.  Trial Ct. Op., 12/6/21, at 1-2.  Before this Court, Condemnees filed a motion to quash the City's appeal as interlocutory, which was referred to this panel for disposition.  Order, 1/11/22.

## II. ISSUE

Condemnees contend that under Pa.R.A.P. 1972(a)(3), this Court must quash the City's appeal because the trial court's order is not an appealable order under the Code.

## III. DISCUSSION[6]

### A. Code

To provide context for Condemnees' issue, we begin with a simplified,

---

[6] Under Pa.R.A.P. 1972(a)(3), any party may move to "dismiss for want of jurisdiction in the unified judicial system of this Commonwealth."  Pa.R.A.P. 1972(a)(3).  Our Supreme Court suggested that quashal is appropriate when the order appealed from is interlocutory.  *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001).  In resolving "the finality of orders dismissing objections to the reports of viewers, . . . our appellate jurisdiction to review such orders should be construed very narrowly.  In most instances the findings of the viewers to which objections have been raised will be the subject of testimony and legal rulings in the trial *de novo*." *In re Condemnation by Dep't of Transp. of Right of Way, for Legis. Rt. 153*, 515 A.2d 102, 105 (Pa. Cmwlth. 1986) (*Rt. 153*).

We follow the rules of statutory construction in interpreting the rules of appellate procedure

4

general overview of the Code. The Code provides that a condemnee is entitled to damages. *See* 26 Pa.C.S. §§ 701-702. A condemnee may petition for an appointment of viewers, which prepares a report stating, *inter alia*, the amount of damages. *Id.* §§ 502, 504, 512(5). A party aggrieved by the report may appeal to the court of common pleas for a *de novo* trial. *Id.* § 516.

The appeal must "raise all objections of law or fact to the viewers' report." *Id.* § 516(a)(1); *see also id.* § 517(a)(4).[7] In turn, "[a]ll objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily." *Id.* § 518(1). Subsequently, the trial court enters a "decree confirming, modifying or changing" the report, which "constitutes [an appealable] final order." *Id.* § 518(2); *Kellman Tr. Fund v. Dep't of Transp.*, 354 A.2d 583, 592 n.11, 595 (Pa. Cmwlth. 1976) (*en banc*) (*Kellman*).[8]

---

and the Code, 26 Pa.C.S. §§ 101-1106. 1 Pa.C.S. §§ 1901-1991; Pa.R.A.P. 107; *Commonwealth v. Walker*, 185 A.3d 969, 976 (Pa. 2018). Although the text of the Code controls, the "comments or report of the commission, committee, association or other entity which drafted a statute may be consulted in the construction or application of the original provisions of the statute if such comments or report were published or otherwise generally available prior to the consideration of the statute by the General Assembly . . . ." 1 Pa.C.S. § 1939; Title 26 cmt. ("The comments provided throughout [the Code], including those preceding its 2006 enactment were supplied by the Pennsylvania Joint State Government Commission, and may be used in determining the intent of the General Assembly"); *Rt. 153*, 515 A.2d at 104. We may cite to applicable cases predating the current version of the Code. *See In re Est. of Warden*, 2 A.3d 565, 572 n.1 (Pa. Super. 2010) (*Warden*) (noting we may rely on nonconflicting cases predating the Uniform Trust Code, 20 Pa.C.S. §§ 7701-7799.3, and the Rules of Evidence, Pa.R.E. 101-1008). We may conditionally cite Superior Court cases. *Marshall v. Se. Pa. Transp. Auth.*, 300 A.3d 537, 540 n.2 (Pa. Cmwlth. 2023).

[7] Section 516(a)(1) states that "[a]ny party aggrieved by the decision of the viewers may appeal to the court. The appeal shall raise all objections of law or fact to the viewers' report." 26 Pa.C.S. § 516(a)(1). Section 517(a)(4) provides that the "appeal shall set forth . . . [o]bjections, if any, to the viewers' report, other than to the amount of the award." *Id.* § 517(a)(4).

[8] Section 518(1)-(2) follows in full:

An appeal shall be disposed as follows:

(1) All objections, other than to the amount of the award, raised by the appeal

**B. Arguments**

We next summarize Condemnees' arguments in support of quashing the City's appeal. Condemnees argue that the trial court's order is not appealable under 26 Pa.C.S. § 518. Mot. to Quash, at 5, 7. Per Condemnees, the trial court's order is not appealable because it did not explicitly "confirm, modify or change" the Board's report. *Id.* at 6 (discussing *In re S. Whitehall Twp. Auth.*, 873 A.2d 855 (Pa. Cmwlth. 2005) (*Whitehall*), and *In re Condemnation by Dep't of Transp., of Right of Way for Legis. Rt. 50*, 503 A.2d 1028 (Pa. Cmwlth. 1986) (*Rt. 50*)). Condemnees maintain that although the trial court's order resolved, *i.e.*, "determined," certain objections, the order did not confirm, modify, or change the Board's report. *Id.*

Relatedly, Condemnees contend the trial court's preliminary determinations in the order did not implicitly operate to confirm, modify, or change the Board's report. *Id.* at 7. In support, Condemnees reason that the court addressed the elements and evidence of damages, and, as such, the order could not confirm or modify the report. *Id.* at 7-8. Further, Condemnees reason that the trial court's order

---

shall be determined by the court preliminarily.

(2) The court may confirm, modify or change the report or refer it back to the same or other viewers. A decree confirming, modifying or changing the report constitutes a final order.

26 Pa.C.S. § 518(1)-(2). Section 518(3) and (4) identify the factfinder for the amount of damages and the parties' designations at trial. *Id.* § 518(3)-(4). Notably, the *en banc Kellman* Court rejected the dissent's argument that any "pre-trial order which disposes of an objection raising a question of law basic to the inquiry is a confirmation, modification, or change of viewer's report, and is a final and appealable order." *Kellman*, 354 A.2d at 595 (Kramer, J., dissenting).

We recognize that our Supreme Court resolved an appeal in which the trial court had "reviewed the evidence presented to the Board of Viewers and confirmed the findings of fact and conclusions of law of the Board." *City of Chester v. Dep't of Transp.*, 434 A.2d 695, 699 (Pa. 1981) (*Chester*). But in *Chester*, it was not clear if the trial court had entered separate orders determining the objections of fact and confirming the report. *See generally id.*; *Maloney v. Valley Med. Facilities, Inc.* 984 A.2d 478, 485-86 (Pa. 2009) (stating that all "decisions are to be read against their facts").

6

could not have modified the report because the City demanded a jury trial on damages. *Id.* at 8. Condemnees also reason that the order is not a final order under 26 Pa.C.S. § 518(2), because it left unresolved the highest and best use of the property. *Id.* at 9.[9]

### C. Analysis

Before addressing Condemnees' arguments, we divide our analysis into several sections. We discuss (1) the terms "all" and "preliminarily" in 26 Pa.C.S. § 518(1); (2) appealing the Board's Report; and (3) our disposition of Condemnees' arguments.

### 1. The Terms "All" and "Preliminarily" in 26 Pa.C.S. § 518(1)

To briefly recap, 26 Pa.C.S. § 518(1) provides that "[a]ll objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily." 26 Pa.C.S. § 518(1). An aggrieved party may raise objections of fact, objections of law, and objections of mixed fact and law. *See generally* 26 Pa.C.S. § 516(a)(1). Our Courts have defined the terms "all" and "preliminarily." From our jurisprudence, we glean the following.

Initially, as used in 26 Pa.C.S. § 518(1), the term "all" does not mean "every."[10] In response to a party's notice of appeal from the board's report, the trial

---

[9] The City counters that the order is an appealable order under 26 Pa.C.S. § 518. City's Resp. in Opp'n, 12/27/21, at 7, 16. In support, the City points out that the trial court "overruled" all of the City's legal objections to the report, which essentially held that the Board applied the correct standard of proof. *Id.* In the City's view, the court's order "confirmed" the Board's report, which rendered the order final and appealable. *Id.* at 7-9, 18-19 (discussing *Commonwealth v. Hession*, 242 A.2d 432 (Pa. 1968)). Per the City, the court's resolution of any objections to the report must occur before any trial *de novo*. *Id.* at 17. The City also rejects *Whitehall* and *Rt. 50* as factually distinguishable. *Id.* at 19-20.

[10] *In re Condemnation by the Pa. Tpk. Comm'n of 14.38 Acres in Fee Simple*, 698 A.2d 39, 42 (Pa. 1997) (*14.38 Acres*) (acknowledging this Court's rejection of a literal interpretation of the term "all" in 26 Pa.C.S. § 518(1)).

court must decide only *some* (*i.e.*, not all) objections of law (*i.e.*, not objections of fact or mixed fact and law) before the trial *de novo*.[11] As for the term "preliminarily," *only* objections of law raising questions "of improper board procedures or issues determinative of the legal outcome of a board's report" *must* be decided by the trial court prior to the trial *de novo*. *Kellman*, 354 A.2d at 591. The *Kellman* Court emphasized that the General Assembly did not intend to require that a trial court resolve "all questions of law prior to a trial *de novo*." *Id.* at 594 (footnote omitted).[12] The remaining objections, including outstanding questions of law, questions of

---

[11] *14.38 Acres*, 698 A.2d at 42; *In re Condemnation by Dep't of Transp., of Right-of-Way for Legis. Rt. 1005-2*, 342 A.2d 497, 500 (Pa. Cmwlth. 1975) (*Rt. 1005*) (holding that 26 Pa.C.S. § 518(1) permits the trial court "to decide preliminarily *only* [q]uestions of law basic to the inquiry" (emphasis added)); *Kellman*, 354 A.2d at 591 ("Questions of improper board procedures or issues determinative of the legal outcome of a board's report must be settled preliminarily to a trial *de novo*."); *Rt. 153*, 515 A.2d at 105 (stating that if the trial court perceives a Section 518(2) decree would not prevent a trial *de novo*, then the court "may order that the case proceed to trial and may reserve answering questions of law and fact, except those which are basic to the inquiry raised by objections to the viewers' report until the trial *de novo*"); *accord McGaffic v. Redevelopment Auth. of New Castle*, 732 A.2d 663, 675 (Pa. Cmwlth. 1999).

[12] Specifically, the Code does *not* require the "initial settling of *all* questions of law *prior* to a trial *de novo*." *Kellman*, 354 A.2d at 594 (cleaned up and emphases added) (rejecting argument that 26 Pa.C.S. § 518(1) requires "a binding judicial determination of matters of law prior to the start of the trial *de novo*").

For example, the Rules of Evidence do not apply to board proceedings but apply to a trial *de novo*. *See* Pa.R.E. 101; 26 Pa.C.S. § 1101; *see also Lower Makefield Twp. v. Lands of Chester Dalgewicz*, 67 A.3d 772, 776 n.5 (Pa. 2013). Thus, the trial court could not resolve "preliminarily," and prior to an actual trial *de novo*, the City's contention that it could not cross-examine witnesses that prepared reports presented for the Board's consideration. *See* Notice of Appeal from Board's Report at 10. For one thing, those witnesses and reports may not necessarily be presented at a trial *de novo*, which would render premature any trial court ruling. Similarly, questions of law may arise at the trial *de novo* that simply could not be raised in objections to the Board's report. *See Kellman*, 354 A.2d at 595; *Whitehall*, 873 A.2d at 858.

fact,[13] and mixed questions of law and fact, must be resolved at the trial *de novo*.[14]

In resolving whether a particular objection is a question of fact or a mixed question of fact and law, our Supreme Court noted that in "a condemnation proceeding, what constitutes the highest and best use of the condemnee's property is generally considered a question of fact or at least, a mixed question of law and fact." *In re De Facto Condemnation & Taking of Lands of WBF Assocs., L.P.*, 903 A.2d

---

[13] Objections of fact "are reserved for the trial *de novo* and are ruled on at that time." *Kellman*, 354 A.2d at 593; *accord McGaffic*, 732 A.2d at 675. For example, at a non-jury trial *de novo*, the judge could consider stipulations, refer to a transcript presented to the Board of View, or hold "a separate evidentiary hearing prior to trial." *Rt. 1005*, 342 A.2d at 501. The judge could also consider "evidence adduced at trial but not submitted to the jury." *Id.* The *Rt. 1005* Court emphasized that the "important thing is that no objections which involve a question of fact be decided without an orderly factfinding process." *Id.* The *14.38 Acres* Court, however, rejected the *Rt. 1005* Court's reasoning to the extent it "allowed the trial court to engage in factfinding on remand where the parties demanded a jury trial." *14.38 Acres*, 698 A.2d at 42. We add that the *Kellman* Court suggested, perhaps unartfully, that objections of fact are "moot because[] they will be ruled on during the course of the *de novo* trial." *Kellman*, 354 A.2d at 592 n.10.

[14] *See, e.g.*, *Rt. 153*, 515 A.3d at 105 (stating "courts have also acknowledged that it is not always possible to determine these objections preliminarily on the basis of briefs and oral argument because the objections often involve questions of fact or mixed questions of law and fact"); *Amoco Oil Co. v. Dep't of Transp.*, 679 A.2d 1369, 1373 (Pa. Cmwlth. 1996) (*en banc*) (disapproving any interpretation of Section 518 that "requires the trial court to determine preliminarily *all* objections other than those to the amount of the award" (emphasis added)).

In *Amoco*, the condemnor identified its objections and then sought a preliminary determination of only *one* of its objections prior to the trial *de novo*. *Amoco*, 679 A.2d at 1373. Following an appeal to this Court after a trial *de novo*, the condemnees argued that because the condemnor failed to seek a preliminary determination of its *other* objections, the condemnor waived those objections. *Id.* The *en banc* Court rejected the condemnees' argument, reasoning that objections of fact or objections raising "mixed questions of law and fact" cannot be resolved preliminarily but "were properly preserved for the trial *de novo*." *Id.*; *accord Rt. 1005*, 342 A.2d at 500 (same); *Chester*, 434 A.2d at 699 (suggesting that a trial court could "decide mixed questions of fact and law"). *Cf. 14.38 Acres*, 698 A.2d at 42 (opining that "factual issues" are reserved "for the jury" (citing *Kellman*, 354 A.2d at 592-93)). We note, however, that the *14.38 Acres* Court's citation to *Kellman* refers to a trial *de novo* and not a jury. *Cf. Rt. 1005*, 342 A.2d at 501 (implying bifurcation, at a trial *de novo*, of "questions [of fact] not involving the amount of an award"). We add that our Supreme Court clarified that in *Chester*, the parties had not requested a jury trial. *14.38 Acres*, 698 A.2d at 42 n.6.

1192, 1210 n.14 (Pa. 2006) (*WBF*) (cleaned up). Similarly, the issue of whether condemned property is subject to the assembled economic unit doctrine[15] was a mixed question of fact and law for the jury. *14.38 Acres*, 698 A.2d at 42. Because the *14.38 Acres* condemnees demanded a jury trial, our Supreme Court held that a jury must resolve conflicting evidence about whether the property fell within the scope of the doctrine. *Id.* at 41, 43.[16]

### 2. Disposition of the Appeal from the Board's Report

The trial court's order resolving objections to the Board's report may not necessarily be an appealable order. *See Kellman*, 354 A.2d at 593-94 (distinguishing between an order resolving certain objections and a decree addressing the board's report). Rather, the *Kellman* Court suggested that the trial court must enter a decree following the court's order determining any objections. *Id.*; 26 Pa.C.S. § 518(2).

An aggrieved party may appeal from the trial court's decree "or any other [f]inal decision of the lower court . . . raising any of the objections [r]aised originally which were adjudicated adversely to the party." *Kellman*, 354 A.2d at

---

[15] The doctrine "allows compensation for certain machinery, equipment and fixtures when the nature of a condemnee's business requires a unique building for its operation and no other building within a reasonable distance is adaptable to the functioning of the business." *14.38 Acres*, 698 A.2d at 41 (citation omitted).

[16] We add that in *Rt. 1005*, the *en banc* Court held that whether a tenant was entitled to compensation for the taking of leased land was a mixed question of law and fact. *Rt. 1005*, 342 A.2d at 501. The *Amoco* Court reached a similar holding, although it did not identify the objections that it concluded "constituted mixed questions of law and fact." *Amoco*, 679 A.2d at 1373. In *Chester*, the issue of whether the Code permitted damages to include the replacement cost of a bridge was a mixed question of fact and law. *Chester*, 434 A.2d at 698-99. Relatedly, this Court held that whether the board "lacked jurisdiction to determine if" the condemnees' use of the property violated a zoning board order was a mixed question of fact and law that went "to the valuation of the property." *Rt. 153*, 515 A.2d at 106. In *Whitehall*, the Court held that the issue of whether the taking was in the nature of a fee simple or an easement was a mixed question of fact and law reserved for the factfinder. *Whitehall*, 873 A.2d at 858.

10

593.[17] The *en banc* Court explained that "while a lower court might rely on its disposition of those issues raised in the appeal from the viewers' report in its subsequent trial of the case or, on an appeal from a trial *de novo*, the issues raised and decided in the appellate structure of [Chapter 5 of the Code] may preclude such issues from being raised again, the mere failure to raise issues pursuant to [Chapter 5] does not preclude their subsequent disposition after a trial *de novo*." *Id.*[18]

We unpack the *Kellman* Court's explanation as follows. At a trial *de novo*, the trial court may rely on its prior disposition of any applicable questions of law in a 26 Pa.C.S. § 518(1) appeal of the board's report. *See id.* Further, if an aggrieved party appeals from a trial *de novo*, and elects to appeal questions of law that this Court had previously resolved with finality, the law of the case or a similar doctrine may apply. *See id.* Finally, an aggrieved party's failure to appeal the trial court's rulings on applicable questions of law to this Court under Chapter 5 of the Code does not bar that party from challenging the trial court's rulings post-trial. *See id.* & 593 n.17 (explaining that the Code's "bifurcated appeals structure" permits "such issues" to "be raised in this manner").[19]

---

[17] Some objections, however, must "be raised at other stages" of a condemnation proceeding, *i.e.*, outside of a trial *de novo*. *Kellman*, 354 A.2d at 593.

[18] For example, if a trial *de novo* is inevitable when, *e.g.*, numerous objections of fact are raised, then an aggrieved party has the option of appealing at the conclusion of the trial *de novo*.

[19] Framed differently, the *Kellman* Court suggests that an aggrieved party may not lose its right to appellate review of a trial court's decree resolving, prior to the trial *de novo*, objections of law involving procedural legal issues or legal issues basic to the inquiry. *See Kellman*, 354 A.2d at 593. An aggrieved party has two options. First, an aggrieved party may appeal to this Court from a decree resolving the report, which essentially rendered the trial court's resolution of any such objections final. Second, an aggrieved party may appeal the trial court's resolution of such objections by (1) filing a post-trial motion after the trial *de novo*, and (2) appealing an adverse ruling to this Court. *See* Pa.R.Civ.P. 227.1(h); *Kellman*, 354 A.2d at 593. But if the aggrieved party selects the first option, that party may be bound by the law of the case doctrine at any subsequent trial *de novo*. *See Kellman*, 354 A.2d at 593. *Cf. McGaffic*, 732 A.2d at 675 (explaining that a trial *de novo* does not permit "an aggrieved party to re-litigate the entire case"). Nonetheless, because

11

### 3. Quashing an Appeal to this Court from the Board's Report

As noted above, in *Kellman*, this Court held that an aggrieved party may appeal from a decree confirming, modifying, or changing the board's report. *See Kellman*, 354 A.2d at 593. Indeed, this Court has quashed appeals from orders that did not confirm, modify, or change the board's report. For example, in *Whitehall*, the trial court granted a motion *in limine* to preclude certain expert testimony. *Whitehall*, 873 A.2d at 857. The trial court subsequently clarified its ruling and stated that its initial order "was in the nature of a preliminary legal determination made pursuant to Section [518] . . . and therefore constitutes" a final, appealable order. *Id.* Neither order by the *Whitehall* trial court confirmed, modified, or changed the board's report. *Id.*

Despite the *Whitehall* trial court's belief that the order was an appealable order, this Court held that because the trial court's orders did not confirm, modify, or change the board's report, the orders were not final. *Id.* at 858. The *Whitehall* Court reasoned that such orders did not resolve questions of law regarding the board's report, but rather resolved the admissibility of evidence at the trial *de novo*. *Id.* Accordingly, the *Whitehall* Court held, those orders were reviewable following the trial *de novo*. *Id.*

Similar to the trial court in *Whitehall*, in *Rt. 50*, following a pretrial conference, the trial court ordered that the parties may offer testimony about the "appropriateness of all items of damages." *Rt. 50*, 503 A.2d at 1029. The condemnor appealed, and the *Rt. 50* Court quashed, reasoning that because the order pertained "to the elements and evidence of damages to be presented at trial, and does not confirm, modify or change" the board's report, it was not a final order. *Id.* at 1030.

_____

of our disposition of this case, we need not definitively address the scope of *Kellman*. *Cf. Gibraltar Rock, Inc. v. Dep't of Env't Prot.*, 286 A.3d 713, 725 (Pa. 2022).

In contrast to *Whitehall* and *Rt. 50*, and notwithstanding the Code's language requiring a decree, 26 Pa.C.S. § 518(2), our Supreme Court declined to quash an appeal from a trial court order that left open "only the issue of the amount of damages." *Hession*, 242 A.2d at 434. The *Hession* trial court had entered an order holding that the condemnees had a right to compensation under the Code and awarded a jury trial. *Id.* at 433. The *Hession* Court reasoned that because the amount of damages was the only outstanding issue, the only reasonable interpretation of the trial court's order was that it confirmed the board's report. *Id.* at 434-35.[20] It is unclear from the *Hession* decision, but it appears that the trial court's order was not a decree confirming the board's report. *See* 26 Pa.C.S. § 518(2).

Thus, on one hand, this Court has held that orders "determining" certain objections of law but not confirming, modifying, or changing the board's report are unappealable. *See, e.g.*, *Whitehall*, 873 A.2d at 857; *Rt. 50*, 503 A.2d at 1030; *see generally Kellman*, 354 A.2d at 592. On the other hand, in *Hession*, our Supreme Court entertained an appeal from an order that resolved a singular question of law, *i.e.*, the condemnees' right to compensation, and left open a sole question of fact: the amount of damages. *Hession*, 242 A.2d at 434-35.

We need not resolve whether *Hession* or *Kellman* controls because, under either, the instant trial court's order is unappealable for the following reasons. First, the trial court's order did not confirm, modify, or change the Board's report. The trial court's order explicitly rendered "preliminary determinations" under 26

---

[20] In *Hession*, it appears the condemnees' right to compensation was a controlling question of law determinative of the legal outcome of the board's report. *See Kellman*, 354 A.2d at 591. The *Hession* Court explained that the condemnees' theory of damages was previously rejected by our Supreme Court. *See Hession*, 242 A.2d at 435 (explaining that under *Wolf v. Department of Highways*, 220 A.2d 868, 875 (Pa. 1966), the *Hession* condemnees suffered no legally compensable harm).

13

Pa.C.S. § 518(1) regarding "elements and evidence of damages" on the property's highest and best use, which is a mixed question of law and fact. Order, 11/10/21, at 1, ¶ 7. The trial court's "preliminary determinations" are akin to the pretrial, evidentiary rulings at issue in *Whitehall* and *Rt. 50*. *See Whitehall*, 873 A.2d at 858 (rejecting trial court's reasoning that its "preliminary determination" was a final appealable order); *Rt. 50*, 503 A.2d at 1030; *see also Kellman*, 354 A.2d at 592 n.11 (rejecting the dissent's reasoning that any pretrial order disposing of an objection raising a basic question of law is appealable).

Second, even if the trial court's order was a *de facto* decree, it is unlike the *Hession* order. *Cf. Hession*, 242 A.2d at 434-35. Unlike the *Hession* order, which resolved a controlling question of law dispositive of the board's report, *i.e.*, the condemnees' right to compensation, the City raised numerous objections regarding the property's highest and best use. *See* Notice of Appeal from Board's Report at 14-18; *Kellman*, 354 A.2d at 591. For example, the City asserted that the Board erred by holding that the property could be used for air cargo and that a zoning change was reasonably likely. Notice of Appeal from Board's Report at 15; *see generally* 26 Pa.C.S. § 703. The City's objections as to the instant property's highest and best use raise a question "of fact or at least, a mixed question of law and fact," unlike the dispositive question of law at issue in *Hession*. *See WBF*, 903 A.2d at 1210 n.14 (cleaned up); *14.38 Acres*, 698 A.2d at 42. Similar to *14.38 Acres*, in which our Supreme Court held that the jury must resolve a mixed question of fact and law at the trial *de novo*, the instant factfinder must also hear and weigh evidence and testimony regarding the property's highest and best use. *See 14.38 Acres*, 698 A.2d at 41, 43.

Finally, to paraphrase the *Rt. 153* Court, the "testimony and findings

14

challenged by [the City] are no longer relevant because they will be relitigated in the trial *de novo* at which the testimony, the findings, and the award of the viewers will be" inadmissible. *See Rt. 153*, 515 A.2d at 106. Because the parties may present evidence significantly different from that presented to the Board, the trial court's evidentiary rulings could differ. *Id.* (quashing in part the appeal from the trial court's order resolving the condemnor's objections of fact).[21]

## IV. CONCLUSION

For these reasons, we quash the appeal. The trial court's order was not a decree confirming, modifying, or changing the Board's report. *See, e.g.*, *Kellman*, 354 A.2d at 593-94. But even if the instant order confirmed the Board's report, *see Hession*, 242 A.2d at 434-35; *cf. Chester*, 434 A.2d at 699, numerous issues of fact and mixed fact and law remain. Primarily, the City's challenge to the property's highest and best use is a question of fact or mixed fact and law that must be resolved at a trial *de novo*. *See, e.g.*, *WBF*, 903 A.2d at 1210 n.14; *14.38 Acres*, 698 A.2d at 41, 43. Our jurisprudence reflects that a preliminary determination under 26 Pa.C.S. § 518(1) was intended to obviate the need for a trial *de novo*, which was inevitable given the City's numerous allegations of errors of fact. Notice of Appeal From Board's Report at 14-18; *Rt. 153*, 515 A.2d at 106.[22]

LORI A. DUMAS, Judge

Judge Fizzano Cannon did not participate in this decision.

---

[21] We comment that the jury demand itself does not presumptively negate a 26 Pa.C.S. § 518(1) appeal, because the parties may opt for a bench trial. 26 Pa.C.S. § 518(3).

[22] We note that the City has *not* lost its right to appeal the trial court's November 10, 2021 order (or any other ruling), should it appeal following the trial *de novo*. *See, e.g.*, *Kellman*, 354 A.2d at 593-94. Of course, the trial court may always revisit its prior rulings at or before the trial *de novo*. *See generally* 26 Pa.C.S. § 102 cmt.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the City of
Philadelphia of the Airport Business
Center, Tinicum Township, Delaware
County

: No. 1355 C.D. 2021
:
:
:
:
:
Appeal of: City of Philadelphia           :

# **O R D E R**


AND NOW, this 7th day of December, 2023, we GRANT the application to quash filed by Wilbur C. Henderson & Son, David C. Henderson Marital Trust, Ambassador II Joint Venture, Henderson-Columbia Corp., and Henderson Ambassador Associates and QUASH the appeal filed by the City of Philadelphia.


_____
LORI A. DUMAS, Judge